UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PFS INVESTMENTS, INC., PRIMERICA
FINANCIAL SERVICES, INC., RONALD
P. BARNES, RANDALL L. RADER, and
MARCUS SONNIER,  Case No. 11-10142

    Petitioners,  Honorable Patrick J. Duggan

v.

KEVIN IMHOFF,

    Respondent.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 27, 2012.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

PFS Investments, Inc., Primerica Financial Services, Inc., Ronald Barnes, Randall Rader, and Marcus Sonnier ("Petitioners") have filed a motion for a temporary restraining order, preliminary injunction, and permanent injunction enjoining Kelly Hagan, Chapter 7 Bankruptcy Trustee, from undertaking discovery or engaging in litigation of Respondent Kevin Imhoff's claims against Petitioners. The matter has been fully briefed, and the Court heard oral argument on December 20, 2011. For reasons set forth below, the Court denies Petitioners' motion.

**I. Background**

Kevin Imhoff was a financial advisor at Primerica for over 20 years, where he sold securities and other financial services products. He left Primerica in 2008, and claims that Primerica took a number of actions to damage his reputation with clients. Imhoff also claims that Primerica owes him commissions on his book of business. In December 2010, Imhoff filed a suit in state court asserting these claims. Petitioners filed this action in the Eastern District of Michigan to compel Imhoff to arbitrate his claims before the Financial Industry Regulatory Authority ("FINRA"). Petitioners subsequently moved for summary judgment. In an Opinion and Order dated March 25, 2011, this Court granted Petitioners' motion and directed Imhoff to submit his state-court claims to FINRA arbitration.

About a month later, Imhoff filed a petition for bankruptcy protection in the Western District of Michigan under Chapter 7 of the Bankruptcy Code. Imhoff listed among his assets the state-court claim against Petitioners. Primerica has filed two claims against the bankruptcy estate: (1) a claim for $500,000 based on Primerica's settlement of claims by Imhoff's former clients, who alleged that Imhoff improperly sold them condominiums as investments; and (2) a claim for approximately $1.6 million based on claims expected to be filed by other Imhoff clients against Primerica involving similar condominium sales.

Chapter 7 trustee Kelly Hagan, who has now succeeded to Imhoff's claims, seeks to investigate them in order to determine whether she will pursue them. The trustee also wishes to investigate Primerica's claims against the bankruptcy estate. To accomplish this, the trustee retained Imhoff's previous counsel with the approval of the bankruptcy court. The trustee now seeks discovery, including depositions of some of Petitioners' employees.

Petitioners argue that this Court's order allows the pursuit of Imhoff's claims against Primerica only through FINRA arbitration. Noting that FINRA arbitration rules generally prohibit depositions, Petitioners seek a temporary restraining order, preliminary injunction, and permanent injunction enjoining the discovery sought by the trustee.

The trustee argues that discovery is necessary to carry out her duties in administering the bankruptcy estate, as it will allow her to assess the worth of Imhoff's claims against Petitioners. The trustee also contends that discovery is required to assess the validity of Primerica's claims against the estate. She intends to file a motion in the bankruptcy court seeking the authority to conduct examinations pursuant to Bankruptcy Rule 2004.

## II. Standards of Review

Courts weigh four factors in determining whether to issue a temporary restraining order or preliminary injunction: (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief. *Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir. 2010). Plaintiff bears the burden of establishing entitlement to a preliminary injunction. *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). Preliminary injunction is a drastic and extraordinary remedy that should not be extended to doubtful cases or those falling outside well-established principles of law. *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001).

The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that Petitioners must establish actual success on the merits

rather than a likelihood of success. *ACLU of Ky. v. McCreary County*, 607 F.3d 439, 445 (6th Cir. 2010). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839 (2006).

## III. Discussion

### A. *Barton* Doctrine

The trustee first argues that Petitioners' request is barred by the so-called "*Barton* doctrine," which has been summarized by the Sixth Circuit as follows:

> It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court.
>
> "A suit therefore, brought without leave to recover judgment against a receiver for a money demand, is virtually a suit the purpose of which is, and effect of which may be, to take the property of the trust from his hands and apply it to the payment of the plaintiff's claim, without regard to the rights of other creditors or the orders of the court which is administering the trust property. We think, therefore, that it is immaterial whether the suit is brought against him to recover specific property or to obtain judgment for a money demand. In either case leave should be first obtained."

*In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Barton v. Babour*, 104 U.S. 126, 129 (1881)) (citations omitted). Petitioners argue that application of this doctrine is limited to cases where a party seeks specific property or money damages from the trustee. The trustee contends that *Barton* precludes the filing of any suit against a trustee outside of the appointing court.[1]

---

[1] There is a statutory exception to the *Barton* doctrine for claims against a trustee with respect to actions taken in carrying on business connected with the debtor's property, 28

The Court believes that Petitioners have the better argument. The Supreme Court's *Barton* decision explains the rationale behind its holding:

> The evident purpose of a suitor who brings his action against a receiver without leave is to obtain some advantage over the other claimants upon the assets in the receiver's hands. His judgment, if he recovered one, would be against the defendant in his capacity as receiver, and the execution would run against the property in his hands as such.

*Barton*, 104 U.S. at 128. Thus, *Barton* prevents a party from circumventing the receiver's authority to obtain assets in the receiver's control. This "enables the Bankruptcy Court to maintain better control over the administration of the estate." *In re Delorean Motor Co.*, 991 F.2d at 1240. This reasoning simply does not apply to Petitioners' claim, as they are not attempting to obtain money or any other estate property from the trustee through the proposed injunction. The Court is unaware of any decisions applying *Barton* to a claim that was not seeking specific property or money damages, and the trustee has not directed the Court's attention to such a case. The *Barton* doctrine protects the trustee's ability to distribute trust property in accordance with bankruptcy law, and that ability is not at issue here. The Court concludes that *Barton* does not preclude the proposed injunction.

**B. Violation of the Automatic Stay**

The trustee argues that the proposed injunction would violate the automatic stay, as it would allow Petitioners to exercise of control over property of the bankruptcy estate. *See* 11 U.S.C. § 362(a)(3). This argument lacks merit. Imhoff's claims against Primerica are property of the bankruptcy estate, but an injunction limiting discovery would not deprive

---

U.S.C. § 959, but neither party has argued that this exception applies to Petitioners' claim.

5

the trustee of control over those claims. Courts have rejected the trustee's expansive reading of the statute, holding that a party may defend against a debtor's lawsuit without violating § 362(a)(3). *In re Bryner*, 425 B.R. 601, 605-08 (B.A.P. 10th Cir. 2010) (citing *In re White*, 186 B.R. 700 (B.A.P. 9th Cir. 1995)). Petitioners correctly assert that the relief they seek here is defensive, as they wish to prevent the trustee from engaging in discovery or litigation. As the proposed injunction would not "control" estate property, it would not violate the automatic stay.

**C. Availability of an Injunction Pursuant to the All Writs Act**

Petitioners seek an injunction pursuant to the All Writs Act, which provides that the Supreme Court and federal courts may issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). "[T]he Supreme Court has clearly annunciated that the All Writs Act specifically authorizes a federal court 'to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in exercise of jurisdiction otherwise obtained.'" *United States v. City of Detroit*, 329 F.3d 515, 522-23 (6th Cir. 2003) (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S. Ct. 364, 372 (1977)). This power extends to persons who are not parties to the original action but "are in a position to frustrate the implementation of a court order or the proper administration of justice." *New York Tel. Co.*, 434 U.S. at 174, 98 S. Ct. at 373.

Petitioners argue that FINRA arbitration generally does not permit depositions, and therefore, the trustee's deposition requests frustrate this Court's order directing Imhoff's claims to arbitration. This is too broad an interpretation of the Court's order. This Court

6

did not specifically enjoin discovery, nor did it shield Petitioners from expenses relating to litigation.  To the extent that discovery is required for some purpose other than litigating Imhoff's state-court claims, it is not inconsistent with this Court's order.  The trustee has identified such a purpose, arguing that she requires discovery to investigate claims filed against the bankruptcy estate.  *See* 11 U.S.C. § 704(a)(5).

Petitioners assert that the discovery sought relates only to Imhoff's state-court claims, and has nothing to do with Primerica's claims against the estate.  Reply Br. 2.  The Court disagrees.  Imhoff's state-court complaint alleges that Primerica instigated client complaints concerning the sale of condominiums in order to damage his reputation and "sustain client conflict."  Second Am. Compl. ¶¶ 72-75, 87-99, 103-04.  Primerica's claims against the bankruptcy estate are based on actual and projected settlements of these complaints.  Because the facts overlap, the trustee's investigation of Primerica's claims against the bankruptcy estate may entail discovery that also relates to Imhoff's state-court claims.  To the extent that such discovery is necessary for the trustee to carry out her obligations under the Bankruptcy Code, discovery is not inconsistent with this Court's order directing Imhoff's state-court claims to arbitration.

The Court also considers a second possible basis for entering an injunction - that the bankruptcy court might refuse to enforce the arbitration provision at issue, nullifying this Court's order directing Imhoff's claims to arbitration.  Petitioners argue that the arbitration clause should be enforced.  They point to *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 627 (6th Cir. 2003), in which the Sixth Circuit, relying extensively on the Third Circuit's decision in *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d

7

1149 (3d Cir. 1989), held that a receiver was bound by an arbitration agreement to the same extent that the receivership entity would have been. In *Hays*, the Third Circuit held that a bankruptcy trustee was bound to arbitrate pre-petition claims derived from the debtor. 885 F.2d at 1154. Petitioners therefore argue:

> The only conclusion that follows from the Sixth Circuit's decision in *Javitch*, and its adoption of the Third Circuit's rationale in *Hays*, is that the Trustee is fully bound to the FINRA arbitration agreement signed by Imhoff, so long as the claims at issue are "non-core" claims. And there can be no dispute that Imhoff's claims are non-core; they arose before Imhoff's bankruptcy was even commenced, and rely on causes of action created by state and federal laws that are wholly separate from the Bankruptcy Code.

Pet'r's Br. Supp. Mot. 10. The Court does not believe that the question turns on whether the claims at issue are "core" or "non-core." The Third Circuit subsequently clarified its holding in *Hays*, stating that "the *Hays* decision did not seek to distinguish between core and non-core proceedings." *In re Mintze*, 434 F.3d 222, 230 (3d Cir. 2006). *Mintze* held that a bankruptcy court must enforce an arbitration provision absent "an inherent conflict between arbitration and the Bankruptcy Code." *Id.* at 231. The Sixth Circuit does not appear to have weighed in on this issue, but other Circuits have likewise concluded that arbitration provisions must be enforced unless there is an "inherent conflict" between arbitration and the underlying purposes of the Bankruptcy Code. *In re Elec. Mach. Enters., Inc.*, 479 F.3d 791, 796 (11th Cir. 2007); *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108 (2d Cir. 2006); *In re White Mt. Mining Co., L.L.C.*, 403 F.3d 164, 169 (4th Cir. 2005); *In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1067 (5th Cir. 1997). Nonetheless, *Mintze* and decisions following its rationale have failed to find an "adverse effect on the underlying purposes of the Bankruptcy Code" sufficient to refuse enforcement of an

8

arbitration agreement with respect to a debtor's pre-petition claim. *Mintze*, 434 F.3d at 232; *see also In re Elec. Mach. Enters., Inc.*, 479 F.3d at 799; *Hill*, 436 F.3d at 110. Of course, if the arbitration provision is enforced, this Court's order directing arbitration would not be nullified. Alternatively, if the bankruptcy court were to deny enforcement of the arbitration agreement on grounds that arbitration conflicts with the underlying purposes of the Bankruptcy Code, the Court does not believe that the proposed injunction would be "necessary or appropriate."

## IV. Conclusion

This Court concludes that the bankruptcy court provides the most appropriate forum for Petitioners to raise their objections to the trustee's discovery requests. The bankruptcy court is in the best position to weigh the trustee's need for information against the costs that would be borne by Petitioners in the event that depositions are permitted. The bankruptcy court could also limit discovery in order to address these concerns. Furthermore, in the event that the trustee elects to actually pursue Imhoff's claims against Petitioners, the bankruptcy court will be best situated to determine whether enforcement of the arbitration agreement conflicts with the underlying purposes of the Bankruptcy Code. For these reasons, the Court believes that it should not issue the proposed injunction.

Accordingly,

**IT IS ORDERED** that Petitioners' motion for a temporary restraining order, preliminary injunction, and permanent injunction is **DENIED**.

            s/PATRICK J. DUGGAN
            UNITED STATES DISTRICT JUDGE

Copies to:

Christopher J. Willis, Esq.
Michael P. Hindelang, Esq.
Raymond W. Henney, Esq.
Demetrios A. Tountas, Esq.
Edwin J. Vander Ploeg, Jr., Esq.
Timothy A. Hoesch, Esq.
Kevin M. Smith, Esq.